UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| BRIAN BARNES, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3:12-CV-365 |
| | § | |
| ROMEO PAPA, LLC | § | |
| M & L ENGINE, INC. | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

The venue transfer motion pending in this Jones Act case requires the Court to decide which of two venues with a long history of hearing maritime cases is a more convenient forum for this dispute. Plaintiff Brian Barnes filed suit in this district, where he resides. Defendant Romeo Papa, LLC seeks to transfer the case to the Eastern District of Louisiana, where it and codefendant M & L Engine, Inc. maintain their principal places of business. The alleged injuries occurred on one of Romeo Papa's vessels approximately 40 to 50 miles off the coast of Louisiana. Having reviewed the parties' submissions, their arguments at a hearing, and the applicable law, the Court **DENIES** Romeo Papa's motion to transfer because it has not met its burden of showing that New Orleans is clearly a more convenient forum than Galveston.

**I. STANDARD FOR CONVENIENCE TRANSFERS**

28 U.S.C. section 1404(a) states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." The statute is intended to save "time, energy, and money while at the same time protecting litigants, witnesses, and the public against unnecessary inconvenience." *Republic Capital Dev. Grp., L.L.C. v. A.G. Dev. Grp., Inc.*, No. H-05-1714, 2005 WL 3465728, at *8 (S.D. Tex. Dec. 19, 2005) (citing *Van Dusen v. Barrack*, 376 U.S. 612 (1964)). The plaintiff's initial choice of forum is entitled to deference, especially when he has chosen his home forum. *Rimkus Consulting Grp., Inc. v. Balentine*, 693 F. Supp. 2d 681, 690 (S.D. Tex. 2010) (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255–56 (1981)). "Thus, when the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc).

The application of section 1404(a) is a two-part process. The court must first determine whether the judicial district to which transfer is sought

is a district in which the claim could have been filed. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (per curiam). If so, the court must then determine whether the transfer would serve "the convenience of parties and witnesses" and "the interest of justice," 28 U.S.C. section 1404(a), by weighing a number of private and public interest factors. *In re Volkswagen AG*, 371 F.3d at 203 (citations omitted). Specifically, the Fifth Circuit has articulated the factors as follows:

> The private concerns include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. The public concerns include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law.

*Id*. (citations omitted).

## II. ANALYSIS

As an initial matter, the Court finds that Barnes's claim could have originally been filed in the Eastern District of Louisiana. Given that Defendants' contacts in the Eastern District of Louisiana would subject them to personal jurisdiction there if that district were a separate state, Defendants are deemed residents of that district under 28 U.S.C. section 1391(d),

making venue proper under section 1391(b)(1). Additionally, because a substantial part of the events giving rise to the claim occurred in Houma, Louisiana, venue also would be proper under section 1391(b)(2).

But, the balancing of the private and public interest factors does not favor transferring the case to the Eastern District of Louisiana. The private concerns only slightly favor transfer, leaving the "clearly more convenient" standard unfulfilled. *In re Volkswagen of Am.*, 545 F.3d. at 315. First, the sources of proof in this case are no more easily accessed by the federal courts in Louisiana than they are by this Court. Robert Perez, president of Romeo Papa, indicated that he would be able to access the records "any time [he] want[s] them" and thus there appears to be little difficulty in accessing this source of proof regardless of court location. Docket Entry No. 22 at 22. Moreover, because this case is a personal injury action, it is unlikely to require extensive paper discovery or additional difficulties in accessing sources of proof. *Nunez v. Offshore Marine Contractors, Inc.*, No. 3:12-CV-00291, 2013 WL 1458916, at *2 (S.D. Tex. Mar. 26, 2013) (citation omitted). Finally, Romeo Papa's claim in its reply brief that M & L Engine will be inconvenienced with regards to sources of proof is not compelling given that M & L did not join the transfer motion.

Romeo Papa argues that the lack of availability of compulsory process over several witnesses swings the balance of the transfer factors in its favor. However, as is often the case, neither Court would be able to secure the attendance of all witnesses at trial through compulsory process. In Louisiana, Barnes's Texas doctors, who have been treating him since his return home more than nine months ago, would not be subject to compulsory process. In Texas, Romeo Papa's former employee, Crystal Cavello, and Barnes's Louisiana doctors, who treated him in the immediate aftermath of the injury, would not be subject to compulsory process. When no venue can secure the attendance of all witnesses and one venue cannot secure compulsory process over substantially more witnesses than the other, the Court "run[s] the risk of merely reallocating inconvenience to the transferee district." *Emanuel v. SPX Corp./OTC Tools Div.*, No. 6:09-CV-220, 2009 WL 3063322 at *6 (E.D. Tex. Sept. 21, 2009). Because the doctors are a wash, this factor only slightly favors transfer based on the one former employee not subject to a subpoena issued by this Court.

Next, the court looks to the cost of attendance for willing witnesses. Romeo Papa argues at great length about why a Galveston trial would inconvenience it. However, "it is the convenience of non-party witnesses, rather than that of party witnesses, that is the more important factor and is

accorded greater weight in a transfer of venue analysis." *Mohamed v. Mazda Motor Co.*, 90 F. Supp. 2d 757, 775 (E.D. Tex. March 27, 2000) (citations omitted). Particularly, it is "the location of key, non-party witnesses that dominates." *Id*. The only nonparty, nondoctor witness who has been identified is Crystal Cavello, and the importance of her testimony has not been shown to the Court. Even if this court assumes that Cavello would provide important testimony, "the moving litigant must make more than a general allegation that the key witnesses are inconveniently located." *Id*. (citation omitted). Romeo Papa only claims that "Cavello is believed to reside in South Louisiana" with the mere implication that traveling to Galveston would be inconvenient for her. Docket Entry No. 23 at 4. This does not sufficiently demonstrate inconvenience beyond a "general allegation." *Mohamed*, 90 F. Supp. 2d at 775. As for Romeo Papa's employees, they are offered less consideration in the convenience analysis because they are party witnesses. Moreover, most of the identified party witnesses are seamen. Captain James Lee and the off-duty deckhand are residents of Florida and would not have more difficulty flying into Houston Hobby than into New Orleans Louis Armstrong.[1] Captain Chad Hartsell and

---

[1] Hobby's distance of 40 miles to the Galveston Federal Courthouse is not a significantly more arduous journey than the 17 miles from Louis Armstrong to the New Orleans

the M & L technician would likely suffer some inconvenience given their location in Louisiana, though Captain Hartsell's residence in the Western District of Louisiana makes this inconvenience comparatively less substantial. Regardless, these seamen do not deserve extensive convenience consideration because the "very nature of seamen's employment frequently makes them unavailable for trial, requiring the parties to submit the seamen's testimony in the form of depositions." *Nunez*, 2013 WL 1458916, at *4; *Dupre v. Spanier Marine Corp.*, 810 F. Supp. 823, 825–26 (S.D. Tex. 1993) (citation omitted); *see also Varnelo v. Eastwind Transp., Ltd.*, No. 02Civ.2084(KMW)(AJP), 2003 WL 230741 at *21 n.41 (S.D.N.Y. Feb. 3, 2003) (collecting cases). This is thus another factor that slightly favors the Eastern District of Louisiana, but not enough on its own to make that venue "clearly more convenient." *See Dupre*, 810 F. Supp. at 826 (refusing to "transfer this case for the mere convenience of two Louisiana witnesses" when "[t]he primary result . . . would be to transfer the inconvenience to the Plaintiff's current doctor"); *Mohamed*, 90 F. Supp. 2d at 775 (refusing to transfer for "mere convenience of a few witnesses").

No other private interest factors weigh in favor of transfer. Romeo Papa cites to an earlier venue transfer opinion in this division stating that the

---

Federal Courthouse, particularly when the free, nearby, and widely available parking at the Galveston federal building is taken into account.

Court "will frequently transfer a case when the majority of the key witnesses live more than 100 miles from Galveston and thus outside the subpoena reach of the Court." *Robertson v. M/V Cape Hunter*, 979 F. Supp. 1105, 1108 (S.D. Tex. 1997) (quoting *Henderson v. AT&T Corp.*, 918 F. Supp. 1059, 1067 (S.D. Tex. 1996)).  The plaintiff in that case, however, was a Mississippi resident, so plaintiff's choice of forum was entitled to less deference and Galveston was an inconvenient location for all parties involved.  *Id.* at 1109.  The private factors thus favor transfer, but not to a significant degree.

Pointing in the other direction are the public interest factors, in particular, "the administrative difficulties flowing from court congestion." *In re Volkswagen AG*, 371 F.3d at 203 (citation omitted).  While the Eastern District of Louisiana and the Southern District of Texas have roughly the same number of cases pending per judge, the Galveston Division is unusual in its very low number of criminal cases, which frees this Court for trial and other court settings in civil cases.  *See Federal Court Management Statistics: September 2012, U.S. Courts*, http://www.uscourts. gov/statistics/FederalCourtManagementStatistics/districtcourts-september-2012.aspx (last visited June 17, 2013).  The Court also notes that civil cases

reach disposition roughly five months faster in the Southern District of Texas than in the Eastern District of Louisiana. *Id.*

Romeo Papa argues that this Court has less interest in the matter because this District was not the place of the alleged wrong. However, the Southern District of Texas has an interest in the matter given Barnes's residence here and Romeo Papa's presence in the district. *Nunez*, 2013 WL 1458916, at *3. Moreover, the location of an accident is not dispositive in convenience analysis. *See In re Volkswagen AG*, 371 F.3d at 203 (citations omitted) (noting that no factor in the venue transfer analysis is dispositive); *see also Holmes v. Energy Catering Servs., L.L.C.*, 270 F. Supp. 2d 882, 885–86 (S.D. Tex. 2003) (retaining Jones Act case in Galveston Division when injury occurred off the coast of Louisiana); *Hunkin v. Cooper/T. Smith Stevedoring Co.*, No. 6:08-0456, 2008 WL 4500392, at *4 (W.D. La. Sept. 29, 2008) (reducing the importance of the localized interest factor in a maritime personal injury claim involving only one plaintiff). The remaining public interest factors are not applicable to the present facts.

With the private factors favoring New Orleans but the public factors favoring Galveston, the "transferee venue is not clearly more convenient than the venue chosen by the plaintiff" and Barnes's decision to litigate this

case in his home forum should be respected.  *In re Volkswagen of Am., Inc.*, 545 F.3d at 315.

## III. CONCLUSION

For the reasons above, the Court **DENIES** Romeo Papa's Opposed Motion to Transfer Venue (Docket Entry No. 13).  This case will proceed in the Southern District of Texas.

**IT IS SO ORDERED.**

**SIGNED** this 17th day of June, 2013.

_____
Gregg Costa
United States District Judge